THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ROSALINDA HERRERA HEREDIA, *et al.*<br><br>Defendants. | CASE NO. C24-0917-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff Continental Casualty Company's ("Continental") motion for a judgment on the pleadings (Dkt. No. 104). Having thoroughly considered the briefing and the relevant record, the Court GRANTS the motion as explained herein.

This is an insurance dispute primarily between Continental and Defendant VIP International Real Estate Group, Inc. ("VIP"). (*See generally* Dkt. No. 3.) The Court previously granted summary judgment in Continental's favor on all of Continental's claims and VIP's cross-claims, save for VIP's breach of contract cross-claim. (*See generally* Dkt. Nos. 48, 87, 99, 102.) Continental now moves for Rule 12(c) judgment on the pleadings as to this claim. (*See generally* Dkt. No. 104.)

Continental argues that, because the Court found as a matter of law that Continental has

ORDER
C24-0917-JCC
PAGE - 1

no duty to defend or indemnify VIP, and because VIP's pleadings do not assert Continental breached its insurance contract with VIP on any other basis, VIP fails to plead a breach of contract claim. (*See id.* at 8–10.) VIP, in opposing, asks that the Court convert Continental's motion to one seeking summary judgment.[1] (*See* Dkt. No. 107 at 8–9.) The Court declines to do so (and also finds no basis supporting VIP's request to stay this matter pending resolution of the underlying suit). (*See id.* at 26–28.)

Federal Rule 12(c) "faces the same test as a motion under Rule 12(b)(6)." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Therefore, "a motion for judgment on the pleadings may be granted only if the moving party clearly establishes that no material issue of fact remains to be resolved and that he or she is entitled to judgment as a matter of law." *Nat.'l Fid. Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987) (citing *Flora v. Home Fed. Sav. & Loan Ass'n*, 685 F.2d 209, 211 (7th Cir. 1982). Where the complaint fails to plead sufficient facts "to state a claim of relief that is plausible on its face," the complaint must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The court may consider only matters presented in the pleadings and must view the facts in the light most favorable to the nonmoving party." *Karaganis*, 811 F.2d at 358. (citing *Republic Steel Corp. v. Pa. Eng'g Corp.*, 785 F.2d 174, 178 (7th Cir. 1986)).

In light of this Court's prior rulings, (*see* Dkt. Nos. 87, 99, 102), VIP's breach of contract cross-claim is, indeed, inadequately pleaded. (*See* Dkt. Nos. 3, 49.) Nor is further amendment[2] appropriate at this point.[3]

---

[1] Based on the arguments VIP then raises in opposition, it would appear VIP's request is largely in support of its effort to assert facts not contained within its pleading. (*See generally* Dkt. No. 107.)

[2] Because 12(b)(6) and 12(c) "motions are analyzed under the same standard, a court considering a motion for judgment on the pleadings may give leave to amend." *Sprint Tel. PCS, L.P. v. Cnty. of San Diego*, 311 F.Supp 2d 898, 903 (S.D. CA. Jan 5, 2004) (citation omitted).

[3] *See, e.g.*, *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing undue delay as a basis to disallow amendment).

1    Thus, the Court GRANTS Continental's Rule 12(c) motion and DISMISES with
2 prejudice VIP's breach of contract cross-claim against Continental. The remaining parties in this
3 suit are DIRECTED within 21 days to meet and confer and then provide the Court with a joint
4 status report outlining what, if any, claims remain for disposition.

6    DATED this 14th day of January 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE